UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA R. MAY, HAROLD C.
BALDAUF and GRAMINEX, L.L.C.,   Case Number 02-10012-BC
                                Honorable David M. Lawson
       Third-Party Plaintiffs,

v.

DEBBY RUYAN, EDEN, INC., and AB CERNELLE,

       Third-Party Defendants,
-and-

HAROLD BALDAUF,                 Case Number 02-10234-BC

       Plaintiff,

v.

BIGMAR, INC.,

       Defendant.
_____/

### ORDER GRANTING RECONSIDERATION OF ORDER DATED MAY 4, 2005 AND SETTING STATUS CONFERENCE

On April 25, 2005, counsel for the parties and the third-party defendant Debbie Ruyan appeared in open court for a hearing on some pending motions. None of the motions before the Court requested the relief of dismissal or summary judgment. On May 4, 2005, the Court issued an order deciding the outstanding motions, as well as severing the consolidated cases Nos. 02-10012 and 02-10234 and dismissing the third-party complaint in case No. 02-10012. The order denied as moot a motion to withdraw as attorney for Debbie Ruyan. Order at 4. On May 16, 2005, the third-party plaintiffs filed a motion for reconsideration arguing that their complaint should not have been dismissed because they were not notified of the Court's intent to dismiss the complaint and they did

not have an adequate opportunity to respond to the dismissal. The third-party plaintiffs do not challenge any other portion of the Court's decision.

The Local Rules of this Court permit a party to file a motion for reconsideration of a ruling within ten days after its entry by the Court. The Court will grant a motion for reconsideration only if the moving party shows (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

The Sixth Circuit requires district courts to afford a party "notice and reasonable opportunity to respond to all the issues to be considered by the court" before dismissing their claims *sua sponte*. *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). Upon consideration, the third-party plaintiffs' request identifies sufficient grounds for reconsideration of the dismissal of the third-party complaint. The Court will re-open the case in order to provide the third-party plaintiffs an opportunity to present arguments in opposition to dismissal and fairly pursue their claims.

Also before the Court is the third-party plaintiffs' motion for extension of time to appeal. Because the Court shall grant the motion for reconsideration, the motion for extension of time is moot.

Accordingly, it is **ORDERED** that the third-party plaintiffs' motion for reconsideration [dkt # 179] is **GRANTED**.

It is further **ORDERED** that case No. 02-10012 is **RE-OPENED**. The case shall be restored to the active docket of this Court.

It is further **ORDERED** that the third-party plaintiffs' motion for extension of time to appeal [dkt # 180] is **DENIED** as moot.

It is further **ORDERED** that the parties in case No. 02-10012 shall appear for a Status Conference on **June 23, 2005 at 9:30 a.m.**

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: June 10, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2005.

                                      s/Tracy A. Jacobs  
                                      TRACY A. JACOBS